## No. 938

### N. O. P. & L. v. PENN. R. R. CO.

No. 20050. Supreme Court

On motion to certify. Dock. Aug. 6, 1926; 4 Abs. 541.

297. CONTRACTS—Can a contract fail from lack of consideration, upon the ground that an electric line company which entered into a contract with a steam line company to erect crossovers and pay for one-half of their maintenance, had previously been granted such right from city?

Penn. R. R. Co. contend in the Supreme Court that a contract by which a steam railroad grants to an electric railroad the right to construct crossovers upon their right of way within a city, provided they pay one-half the expense of maintenance, is founded upon sufficient consideration, although electric line previously had a franchise from the city to do so.

Attorneys—Mather, Nesbitt & Wilkie for Company; Waters, Andress, Southworth, Wise & Maxon for R. R. Co.; all of Akron.

## No. 939

### BAUGHAM v. MOTOR CAR CO.

No. 20056. Supreme Court

On motion to certify. Dock. Aug. 9, 1926; 4 Abs. 541.

633. INFANTS—Can one, who does not repudiate a sale until seven months after becoming of age, do so at that time, on the ground that no bill of sale was given?

Baugham contends in the Supreme Court that although he did not repudiate his contract to buy a motor car until seven months after he became of age, his right to do so is not abrogated.

Also that it is the right of such purchaser to repudiate same when no bill of sale is given.

Attorneys—H. E. Beebe for Baugham; Clark & McCouley and B. E. Robinson for Company; all of Cincinnati.

## No. 940

### KATKEVICH v. GOODMAN

No. 20047. Supreme Court

On motion to certify. Dock. Aug. 5, 1926; 4 Abs. 541.

445. EASEMENTS—When common owner of two lots sells same, one with a servient estate with full covenants of warranty, and afterwards the other, can there be an easement by implication of right of way although there is no strict necessity?

Katkevich contends in the Supreme Court that where a common owner of two city lots conveys one of them, a servient estate, with full covenants of warranty, and later conveys the other, there cannot be an easement or reservation by implication of a right of way over the rear of said servient estate, of ingress and egress to rear of other lot because owner abuts street and no such necessity therefor exists.

Attorneys—Wilt & Yoder for Katkevich; Beckerman & Felsman for Goodman; all of Cleveland.

## No. 941

### HESS (Aud.) v. UNION INS. CO. et

Nos. 20051-55. Supreme Court

On motion to certify. Dock. Aug. 7, 1926; 4 Abs. 541.

1157. TAXATION—Can outstanding policies and the reserve for them be considered as debts by an insurance company?

The question involved is the deduction of alleged debts from insurance companies tax return, their contention being that the amount of debts of an insurance company are determined by its outstanding policies in gross, and the reserve for them, and therefore a debt of the company, sections 5327 and 9357 GC. being valid.

Attorneys—C. S. Bell, C. S. Durr for Hess; Waite, Schindel & Bayless for Insurance Companies; all of Cincinnati.

## No. 942

### TILLMAN v. TOLEDO (City)

No. 20030. Supreme Court

On motion to certify. Dock. July 31, 1926; 4 Abs. 525.

829. NEGLIGENCE—Is city liable because bridge railings are not of sufficient strength to keep auto from plunging over?

It is admitted that it is the duty of a city to keep bridges within its limits reasonably safe and the question herein is should they be responsible for railings that are not of sufficient strength to keep auto from plunging over.

Attorneys—Smith, Baker, Effler & Eastman for Tillman; F. M. Dotson and C. F. Lawton for City; all of Toledo.

Note—OA. opinion will be found in 4 Abs. 550.

## No. 943

### ELBERTA BEACH CO. v. DIAMOND GLASS CO.

No. 20057. Supreme Court

On motion to certify. Dock. Aug. 10, 1926; 4 Abs. 755.

755. MECHANICS' LIENS—Is a mechanics' lien for work and labor, and material furnished superior to a purchase money mortgage which was not filed till after lien had attached?

The Beach Co. contends in the Supreme Court that the purchase money mortgages held by them are superior to a mechanics' lien for labor and materials furnished to mortgagors not being filed till after the lien had attached.

Attorneys—Day & Day for Beach Co.; Thompson, Hine & Flory for Glass Co.; all of Cleveland.